IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUXURY BATH LINERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-6724 |
| | ) | |
| v. | ) | Hon. |
| | ) | |
| LUXURY BATH OF PITTSBURGH, INC., | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, LUXURY BATH LINERS, INC., by and through its attorneys, for its Complaint against Defendant, LUXURY BATH OF PITTSBURGH, INC., alleges as follows:

### PARTIES

1. Plaintiff, LUXURY BATH LINERS, INC. ("Plaintiff"), is an Illinois corporation whose principal place of business is in Glendale Heights, Illinois is a manufacturer and distributor of bathtub acrylic inserts and bathroom wall surrounds including bathroom fixtures. Plaintiff sells its product throughout North America.

2. Defendant, LUXURY BATH OF PITTSBURGH, INC. ("Defendant"), is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331 – federal question – in that Plaintiff seeks relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. The Court has supplemental jurisdiction over the remaining claims of Plaintiff's Complaint pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## **COUNT I – VIOLATION OF THE LANHAM ACT**

5. Plaintiff realleges paragraphs 1 through 4 of the Complaint as if fully alleged in this Count I.

6. Plaintiff is the owner of the: (a) "Luxury Bath" trademark, as evidenced by United States Patent and Trademark ("USPT") number 4333515; (b) "Luxury Bath Liners" trademark, as evidenced by USPT number 2036260; and (c) "Luxury Bath Systems" trademark, as evidenced by USPT number 2037961 (collectively, the "Trademarks").

7. On or about December 4, 2002, Defendant and Plaintiff entered into a franchise agreement (the "Franchise Agreement," a true and correct copy of which is attached hereto as **Exhibit A**).

8. Pursuant to Section 2 of the Franchise Agreement, Defendant acknowledged Plaintiff's ownership of, and exclusive interest in certain of the Trademarks.

9. In addition, pursuant to Section 3 of the Franchise Agreement, Plaintiff granted Defendant a limited license to use the Trademarks.

10. On or about January 27, 2014, Defendant unilaterally terminated the Franchise Agreement.

11. Pursuant to Section 9 of the Franchise Agreement, upon termination of the Franchise Agreement, Defendant was to immediately cease using the Trademarks.

12. However, Plaintiff recently learned that even after terminating the Franchise Agreement, Defendant has continued to use one or more of the Trademarks in interstate commerce in connection with its business.

13. Defendant's unauthorized use of one or more of the Trademarks in interstate commerce constitutes an attempt to palm off and misappropriate Plaintiff's exclusive rights with respect to the Trademarks as it is likely to cause confusion as to the affiliation, connection or

association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiff.

14. By reason of the foregoing, Defendant has willfully violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

15. Defendant's wrongful use of the Trademarks is deliberate, willful, fraudulent and without any extenuating circumstances, and constitutes a knowing use of Plaintiff's marks and is therefore an exceptional case within the meaning of 15 U.S.C. § 1117.

16. Plaintiff is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## **COUNT II – INJUNCTIVE RELIEF**

17. Plaintiff realleges paragraphs 1 through 13 of the Complaint as if fully alleged in this Count II.

18. Defendant's unlawful actions as alleged herein have caused and, unless restrained, will continue to cause, substantial and irreparable harm to Plaintiff.

19. Plaintiff's legitimate business interests are being irreparably harmed each day Defendant is permitted to wrongfully utilize the Trademarks.

20. Plaintiff has no adequate remedy at law as monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendant.

21. In addition, pursuant to Section 9 of the Franchise Agreement, Defendant expressly agreed that Plaintiff shall be entitled to injunctive relief and equitable relief for any violation of Defendant's obligation to cease using the Trademarks immediately upon termination of the Franchise Agreement. (Exhibit A at Section 9.)

22. Therefore, Plaintiff is entitled to injunctive relief against Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LUXURY BATH LINERS, INC., prays that this Honorable Court:

1. Grant preliminary and permanent injunctive relief enjoining Defendant, and all others acting in concert with and having knowledge thereof, from using the Trademarks, and any similar trade names or marks or variant thereof, as a trade name, trademark, service mark, domain name, or for any other purpose;

2. Order Defendant to account to Plaintiff for any and all revenues and profits that Defendant has derived from its wrongful actions and to pay to Plaintiff all damages which Plaintiff has sustained by reason of the acts complained of herein, and that such damages be trebled;

3. Award Plaintiff its costs and all reasonable attorneys' fees it has incurred in this action;

4. Award Plaintiff punitive damages in a sum to be determined; and

5. Grant Plaintiff any other relief the Court deems just.

Respectfully submitted,

LUXURY BATH LINERS, INC.

By: _____/s/ Elliot S. Wiczer_____
One of Its Attorneys

Elliot S. Wiczer – ARDC #6208432
John M. Sheldon – ARDC #6256666
Brian S. Feldman – ARDC #6288135
Kyle G. Fonjemie – ARDC #6317125
WICZER & SHELDON, LLC
500 Skokie Boulevard, Suite 325
Northbrook, Illinois 60062
(847) 849-4850